UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Estate of MICHAEL SAMUELSON by STEPHANIE SAMUELSON, Personal Representative,<br>    Plaintiff,<br><br>    v.<br><br>ARCELORMITTAL USA, LLC,<br>    Defendant. | Cause No.: 2:13-CV-440-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Consolidation for Purposes of Certain Discovery [DE 31], filed on March 24, 2015, by Defendant ArcelorMittal USA, LLC and Ryan and Denise Babjak's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [DE 35], filed on April 7, 2015. Defendant seeks to consolidate this case (2:13-CV-440-JVB-PRC) with *Babjak v. KT-Grant, Inc., et al.* (2:15-CV-40-RL-JEM) for the purposes of conducting certain depositions. The Babjaks filed a response to the Motion for Consolidation on April 7, 2015, and Defendant filed a reply on April 14, 2015. No response to the Motion to Intervene was filed, and the time to do so has passed.

**I. Background**

On November 13, 2013, Michael Samuelson and Ryan Babjak were allegedly working at an ArcelorMittal steel mill in Northwest Indiana when they were struck by a falling steel panel. The impact killed Samuelson and injured Babjak. Plaintiff, the personal representative of Samuelson's estate, filed a lawsuit two days later against Defendant ArcelorMittal USA, LLC. This lawsuit is now in the discovery phase.

The Babjaks filed their lawsuit more than a year later. In addition to ArcelorMittal USA,

LLC, they also sued KT-Grant, Inc., ArcelorMittal USA, Inc., and ArcelorMittal Indiana Harbor, LLC. In *Babjak*, the Court recently held a Rule 16(b) scheduling conference, and that case is also in the discovery phase. Both cases are pending in the U.S. District Court for the Northern District of Indiana.

Defendant estimates that there will be approximately ten to twelve overlapping depositions. These witnesses are all employees of ArcelorMittal USA, LLC, Pangere Corporation, and KT-Grant, Inc. Defendant asks that these two cases be consolidated for the limited purpose of conducting the depositions of those witnesses.

## II. Analysis

Consolidation is proper if the cases share the same questions of law or fact and if consolidation would not result in prejudice to either party. Fed. R. Civ. P. 42(a); *Back v. Carter*, 933 F. Supp. 738 (N.D. Ind. 1997). "The primary purpose of consolidation is to promote convenience and judicial economy." *Miller v. Wolpoff & Abramson, LLP*, No. 106-CV-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). The decision is within the Court's discretion. *Id.*

The Babjaks admit that the cases share a factual basis, but contend that consolidating them would be prejudicial to their interests. They argue that the cases are premised on differing legal theories and that, since their case was filed more than a year after *Samuelson*, consolidating discovery would thrust them into these depositions without sufficient time to prepare.

With regard to the first objection, the Babjaks point out that their case involves three additional defendants. They aver that they will endeavor to establish the liability of each of the defendants in their case, while Plaintiff Samuelson will work to establish liability only as to

2

Defendant ArcelorMittal USA, LLC.[1] Thus, in their Complaint, the Babjaks allege that KT-Grant is also liable for their injuries, contending that a piece of KT-Grant's machinery came into contact with the steel plate, causing it to fall. Plaintiff Samuelson, by contrast, is not suing KT-Grant.

This would perhaps be a significant issue if the cases were to be consolidated as a whole. But it's not clear why consolidating these cases solely for the purpose of taking a dozen or so depositions would result in prejudice. Plaintiff Samuelson doesn't object to the motion to consolidate even though, on the Babjaks' theory, consolidation would jeopardize her interests just as much.

The case cited by the Babjaks is, moreover, distinguishable. That case, *Grigsby v. I-Flow Corp.*, dealt with a pair of cases that had only "a slight overlap." 264 F.R.D. 264, 266 (E.D. Ky. 2009). These two cases, by contrast, are almost identical in their factual claims and are also legally similar in many respects.

Timing, however, raises a more difficult question. *Samuelson* has been in the discovery phase for more than a year; *Babjack* is just beginning that process. Forcing the Babjaks to take depositions without giving them a chance to do written discovery first would be unfair. Defendant appears to recognize the validity of this concern and represents in its reply that it has spoken with counsel for Plaintiff Samuelson and that they agree to extend the discovery deadline in this case to allow the Babjaks time to do preparatory discovery in their case. There are no dispositive motions pending or trial dates set in either case. It thus seems likely that an agreeable solution could be reached that would serve judicial efficiency and the interests of all involved.

### III. Conclusion

---

[1] Defendant points out that, with the exception of KT-Grant, Inc., the additional defendants in *Babjak* are essentially the same. It represents that ArcelorMittal Indiana Harbor, LLC is a subsidiary of ArcellorMittal USA, LLC and that ArcelorMittal USA, Inc. is a misnomer for ArcelorMittal USA, LLC. In fact, these three defendants are collectively referred to as "ArcelorMittal" throughout the Babjaks' Complaint.

For these reasons, the Court takes the Motion for Consolidation for Purposes of Certain Discovery [DE 31] **UNDER ADVISEMENT** and **SETS** this matter for a telephonic hearing on **June 11, 2015, at 11:30 a.m.** (C.S.T.) for the sole purpose of determining whether discovery in *Samuelson* could be extended in such a way that does not cause excessive delay and also ensures that the Babjaks are not prejudiced. The Court will initiate the call. The parties in both cases shall confer prior to the hearing and attempt to work out an agreeable schedule.

The Court **GRANTS** Ryan and Denise Babjak's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [DE 35] to the extent it sought leave to oppose Defendant's Motion for Consolidation.

Finally, since it has now come to the Court's attention that these two cases "arise out of the same transaction or occurrence," the Court **ORDERS** that the *Babjak* case be **TRANSFERRED** to Judge Van Bokkelen and Magistrate Judge Paul R. Cherry as they are the judges assigned to *Samuelson*, which is the earlier case. N.D. Ind. L.R. 40-1(e), (f).

SO ORDERED this 26th day of May, 2015.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc: All counsel of record in 2:15-CV-40
      District Judge Rudy Lozano
      Magistrate Judge John E. Martin